UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GABRIELLA REYES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL FLAGG, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:18-cv-01727-GMN-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

This matter is before the court on Plaintiff Gabriella Reyes' Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Ms. Reyes is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*,

1

647 F.2d 938, 940 (9th Cir. 1981). If the court determines that an individual's allegation of poverty is untrue, "it *shall* dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

Here, Ms. Reyes has requested authority to proceed IFP and submitted the financial affidavit required by § 1915(a) asserting that she is unable to prepay fees and costs or give security for them. *See* IFP App. (ECF No. 1). However, the application is incomplete. She failed to provide answers to questions five, six, seven, or eight. Her statement that she receives $720 per month in disability payments is insufficient to verify Ms. Reyes's poverty; thus, the court cannot determine whether she is eligible to proceed IFP. The court will therefore deny the IFP Application without prejudice and instruct the Clerk of the Court to mail Ms. Reyes a blank copy of the long form application (AO 239). Ms. Reyes will have until **October 26, 2018**, to submit a completed IFP application or pay the $400 filing fee.

If Ms. Reyes submits a suitable IFP application and is granted IFP status, the court will then screen her complaint. Federal courts must screen any IFP complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). If the court determines that the complaint states a plausible claim for relief, the Clerk of the Court will be directed to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines that the complaint fails to state an actionable claim, the complaint is dismissed without prejudice and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Gabriella Reyes' Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.

2. The Clerk of Court shall RETAIN the proposed Complaint (ECF No. 1-1) but **SHALL NOT** issue summons.

2

3. The Clerk of the Court shall MAIL Ms. Reyes a copy of the long form application to proceed *in forma pauperis* (AO 239).

4. Ms. Reyes will have until **November 5, 2018**, to submit the long form application to proceed *in forma pauperis* (AO 239) if she believes she can correct the noted deficiencies.

5. Alternatively, Ms. Reyes may pay the $400 filing fee on or before **November 5, 2018**.

6. Ms. Reyes's failure to comply with this Order by: (a) submitting a completed long form IFP application (AO 239), or (b) paying the $400 filing fee before the **November 5, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 5th day of October, 2018.

								_____
								PEGGY A. LEEN
								UNITED STATES MAGISTRATE JUDGE