1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Gabriella Reyes, | Case No. 2:18-cv-01727-GMN-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Daniel Flagg, et al., | |
| Defendants. | |

7
8
9
10
11
12
13
14
15
16
17

Pro se plaintiff Gabriella Reyes initiated this lawsuit on September 7, 2018 by filing an application to proceed *in forma pauperis* and a complaint. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant her request to proceed *in forma pauperis*. The court now screens her complaint.

18      I.      **ANALYSIS**

19              **A.  Screening standard**

20
21
22
23
24
25
26
27
28

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.  Screening the complaint**

Plaintiff alleges the following: She advertised her services of "freelance advocacy and paralegal work" on Craigslist. ECF No. 1-1 at 2-3. Her ad takes customers to her website where she has a "no refund" policy. *Id.* at 3. Plaintiff discussed certain work Defendants wanted completed, and Defendants acknowledged her "no refund" policy. *Id.* The "work was done" and "written product" was delivered to Defendants. *Id.* Defendants paid Plaintiff, but after her work was delivered to Defendants, Defendants "did a reversal of the payment" with their bank. *Id.* at 4. Plaintiff did not agree to this and sent several demand letters to Defendants. *Id.* Defendants have not repaid Plaintiff for the work she performed. *Id.* Accordingly, Plaintiff filed this lawsuit.

Plaintiff asserts several causes of action. She alleges the following state law causes of action: fraud, constructive fraud, breach of contract, breach of oral agreement, and conversion. ECF No. 1-1. She alleges the following potential federal causes of action: mail fraud under 18 U.S.C. § 1341, bank fraud under 18 U.S.C. § 1344, fraud by wire, radio, or television under 18 U.S.C. § 1343, copyright infringement, and vicarious copyright infringement. *Id.*

Plaintiff alleges that she resides in Nevada and that all Defendants reside in California, except Betty Mesi, who also resides in Nevada. *Id.* at 2.

As explained in more detail below, the Court will dismiss Plaintiff's complaint for lack of jurisdiction but will give Plaintiff leave to amend certain claims. The Court will recommend that Plaintiff's claims under 18 U.S.C. §§ 1341, 1343, and 1344 be dismissed with prejudice, however, for failure to state a claim.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). Here, Plaintiff does not allege facts sufficient to invoke the Court's jurisdiction.

Regarding diversity jurisdiction, Plaintiff alleges that she resides in Nevada, as does a Defendant, Betty Mesi. ECF No. 1-1 at 2. Accordingly, there is not complete diversity, and Plaintiff has not established diversity jurisdiction.

Plaintiff also has not established federal question jurisdiction. As noted above, Plaintiff alleges the following potential federal causes of action: mail fraud under 18 U.S.C. § 1341, bank fraud under 18 U.S.C. § 1344, fraud by wire, radio, or television under 18 U.S.C. § 1343, copyright infringement, and vicarious copyright infringement. *Id.* As explained below, Plaintiff's complaint fails to state a claim for any of these potential federal causes of action.

As an initial matter, Plaintiff cannot sue Defendants under 18 U.S.C. §§ 1341, 1343, or 1344. "[C]ourts have consistently found that the mail and wire fraud statutes do not confer private

rights of action." *Masin v. Vistakon Pharm., LLC*, No. 308CV00550RCJVPC, 2010 WL 11594971, at *2 (D. Nev. June 14, 2010); *see, e.g.*, *Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (no private right of action for mail fraud under 18 U.S.C. § 1341); *Lobstein v. Washington Mut. Mortg. Pass-Through Certificates WMALT Series 2007-OC1*, No. 219CV07615SVWJPR, 2019 WL 9362078, at *3 (C.D. Cal. Dec. 18, 2019) (no private right of action under 18 U.S.C. §§ 1341 or 1344); *Yeske v. Bendetov*, No. 2:15-CV-1513-GMN-NJK, 2016 WL 1610605, at *2 (D. Nev. Apr. 21, 2016) ("[I]t is well established that [18 U.S.C. § 1343] is a criminal provision that does not give rise to a private cause of action."); *Brown v. Bettinger*, No. 2:15-CV-00331-APG, 2015 WL 4162505, at *3 (D. Nev. July 8, 2015) ("Plaintiff cannot sue Defendant for civil damages for a violation of 18 U.S.C. § 1343."); *Bruce v. Homefield Fin., Inc.*, No. 2:10-CV-2164-KJD-PAL, 2011 WL 4479736, at *3 (D. Nev. Sept. 23, 2011) (claim under 18 U.S.C. § 1344 must be dismissed, because there is no private right of action); *Small v. Mortg. Elec. Registration Sys., Inc.*, No. 2:09-CV-0458 GEB DAD, 2010 WL 3719314, at *9 (E.D. Cal. Sept. 16, 2010) (no private right of action under 18 U.S.C. § 1344). Accordingly, the Court will recommend that Plaintiff's claims under 18 U.S.C. §§ 1341, 1343, and 1344 be dismissed with prejudice for failure to state a claim, as these statutes do not create a private right of action.

Plaintiff also failed to state a claim for copyright infringement. "To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). Here, Plaintiff pled the first element of copyright infringement (ownership) by alleging that she is sole owner of her writing. ECF No. 1-1 at 15. However, she did not plead the second element (copying of the protected elements of the work by defendant). Rather, the only other facts that Plaintiff alleges are that Defendants revoked payment, used Plaintiff's services and product for their own purposes, and "used the work with the court." *Id.* at 14-15. Even liberally construing these allegations and accepting them as true, as the Court must, Plaintiff has not pled enough facts to allege that Defendants copied

the protected elements of Plaintiff's work. Accordingly, Plaintiff has not stated a claim for copyright infringement.

Plaintiff also has not stated a claim for vicarious copyright infringement. Vicarious liability may be imposed "if 'the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer.'" *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1032–33 (9th Cir. 2013); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes . . . vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."). Here, Plaintiff has not pled enough facts to establish any direct infringement. Accordingly, she has not pled enough facts to establish vicarious liability for such infringement either. As such, Plaintiff failed to state a claim for any federal cause of action.

### 1. Amendment

If Plaintiff chooses to amend, she must include factual allegations demonstrating that a federal question exists, thereby allowing the court to determine its own jurisdiction. Alternatively, she must include factual allegations demonstrating there is complete diversity of citizenship and more than $75,000 in controversy.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serve any function in this case. As such, if Plaintiff files an amended complaint, each claim *and the involvement of each specific defendant* must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

Finally, Plaintiff is advised that she must allege facts regarding the approximate dates of the incident at issue to allow the court to determine whether the incident occurred within the applicable statute of limitations.

**II.     CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 4) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's complaint is dismissed without prejudice and with leave to amend, except as stated below. **If Plaintiff chooses to file an amended complaint, she must do so by October 22, 2020 or this Court will recommend that her case be dismissed.**

IT IS RECOMMENDED that Plaintiff's causes of action under 18 U.S.C. §§ 1341, 1343, and 1344 be DISMISSED with prejudice for failure to state a claim.

**III.    NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 22, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE